IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICH AUREL, #317239　　　　　　　　　*
　　　Plaintiff
　　v.　　　　　　　　　　　　　　　　*　　CIVIL ACTION NO. ELH-17-3138

REBECCA HAMMONS, *Librarian*　　　　*
　　　Defendant.
　　　　　　　　　　　　　　　　　　******

## **MEMORANDUM**

On October 25, 2017, the court received a prisoner civil rights action (ECF 1) and a motion for leave to proceed in forma pauperis (ECF 2), filed by Mich Aurel, an inmate confined at the North Branch Correctional Institution ("NBCI").[1] Aurel first claims that since June 1, 2017, he has been denied weekly access to the law library, in violation of Division of Correction Directives ("DCD"). According to Aurel, Rebecca Hammons, the NBCI Librarian, has denied him access to the law library due to his race, religion, and national origin, thus violating his rights under the Equal Protection Clause. ECF 1 at 2-3. In addition, Aurel alleges that he has been "placed in more adverse conditions of confinement without due process." *Id.* at 3. He seeks $1,000,000.00 in damages. *Id.* at 3.

This case represents the thirty-seventh action Aurel has filed in this court over the past five years.[2] In three of those cases Aurel was granted leave to proceed in forma pauperis pursuant to the

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. Although plaintiff was prosecuted as Aurel Mich in the Maryland courts, I will refer to him per the DPSCS designation of Mich Aurel.

[2] In addition to this action, Aurel has filed thirty-six other cases in this court, most of which have been assigned to me. They are *Aurel v. United States.*, Civil Action No. JKB-11-1297 (D. Md.); *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.); *Aurel v. Jefferson, et al.*, Civil Action No. ELH-14-352 (D. Md.); *Aurel v. Shearin, et al.*, Civil Action No. ELH-14-

provisions of 28 U.S.C. § 1915(a). Those cases were dismissed as frivolous or for the failure to state a claim. He was notified that the dismissals constituted "strikes" under § 1915(e),[3] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[4]

---

374 (D. Md.); *Aurel v. Jessup Correctional Institution Mail Room,* Civil Action No. ELH-14-958 (D. Md.); *Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, ELH-14-3036 (D. Md.); *Mich v. Yacenech, et al.*, Civil Action No. JKB-14-1473 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797 (D. Md.); *Aurel v. Pennington, et al.,* Civil Action No. JKB-14-1859 (D. Md.); *Aurel v. Mail Room at North Branch Correctional Institution, et al.*, ELH-14-2813 (D. Md.); *Aurel v. Warden*, ELH-15-258 (D. Md.); *Aurel v. Warden*, ELH-15-1127 (D. Md.); *Aurel v. Warden.*, ELH-15-1128 (D. Md.); *Aurel v. Miller, et al.*, ELH-15-1422 (D. Md.); *Aurel v. Kammauf, et al.*, ELH-15-1581 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); *Aurel v. Twigg*, ELH-15-1920 (D. Md.); *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.); *Aurel v. Rose.*, ELH-15-2604 (D. Md.); *Aurel v. Thrasher*, ELH-15-3142 (D. Md.); *Aurel v. Sawyers, et al.*, Civil Action No. ELH-16-280 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-850 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-851 (D. Md.); *Aurel v. Warden*, Civil Action No. ELH-16-1494 (D. Md.); *Aurel v. Nines*, Civil Action No. ELH-16-1839 (D. Md.); *Aurel v. Fornay, et al.*, Civil Action No. ELH-16-2941 (D. Md.); *Aurel v. Nines, et al.*, Civil Action No. ELH-16-2942 (D. Md.); *Aurel v. Bohrer*, Civil Action No. ELH-16-3858; *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-335 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-336 (D. Md.); *Aurel v. Wexford, et al.*, Civil Action No. ELH-17-1201 (D. Md.); *Aurel v. United States of America, et al.*, Civil Action No. ELH-17-2158 (D. Md.); and *Aurel v. Kammauf, et al.*, Civil Action No. ELH-17-3137 (D. Md.).

[3] *See Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); and *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.).

[4] Specifically, §1915g) mandates:

Because Aurel has had three cases previously dismissed under 28 U.S.C. § 1915(g), he may not procced in this action unless he (1) submits the full $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury. Aurel does not allege that he faces imminent danger of serious physical injury at the time he filed his Complaint, and there is no plausible basis for concluding such a danger exists. *See Sayre v. King*, 2014 WL 4414509, * 3 (N.D. W.Va. 2014) (prisoner's claim that he was denied access to all of his legal materials does not rise to the level of imminent danger of serious physical injury satisfying § 1915(g) exception).

In contrast, this court has allowed Aurel to proceed with a suit against Wexford Health Sources, Inc. and others. *See* ELH-17-1201. And, in that case, the court granted Aurel's motion to proceed in forma pauperis. However, the allegations here do not overcome the bar of § 1915(g).

Aurel is reminded that should he attempt to file another civil rights action in this court, he must pay the civil filing fee, unless the suit contains substantive allegations that Aurel is in imminent danger of serious physical harm.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed, without prejudice, by separate Order.

---

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

An Order follows.

Date: November 1, 2017                    _____/s/_____
                                          Ellen L. Hollander
                                          United States District Judge